# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOYCE JONES and<br>JAMES OSCAR JONES,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART, INC. d/b/a<br>WALMART SUPERCENTER<br>and JOHN DOES 1-5,<br><br>    Defendants. | Docket No.   2:20-cv-2889 |

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, L.P., incorrectly styled as "Wal-Mart, Inc., d/b/a Walmart Supercenter," (hereinafter "Wal-Mart") hereby notifies the Judges of the United States District Court for the Western District of Tennessee, the clerk of the Circuit Court of Lauderdale County, Tennessee and Plaintiffs Joyce Jones and James Oscar Jones, that the action described herein and filed in the Circuit Court of Lauderdale County, Tennessee, is removed to the United States District Court for the Western District of Tennessee, Western Division pursuant to 28 U.S.C. § 1441.

    1.    On February 22, 2019, Plaintiffs Joyce Jones and James Oscar Jones filed a civil action bearing Docket No. 7078 against the Defendants Wal-Mart, Monique Copeland, and John Does 1–5 in the Circuit Court of Lauderdale County, Tennessee. Plaintiffs served the Complaint and Summons upon the Corporation Service Company for Defendant on March 29, 2018, by certified mail. (See copies of the Summons and Complaint attached hereto as **Exhibit A**).

2. Plaintiffs filed this premises liability action based upon an incident that occurred in Lauderdale County, Tennessee on March 12, 2018.

3. Defendant seeks removal of this action to this Court upon the grounds that the controversy is wholly between citizens of different states and involves an amount in controversy which exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of the interest and costs, 28 U.S.C. § 1332.

4. Plaintiffs are residents and citizens of Lauderdale County, Tennessee and were citizens of the State of Tennessee at the time of the filing of this action and at the time of removal.

5. Defendant Wal-Mart is a Delaware limited partnership with its principle place of business in Bentonville, Arkansas. For purposes of determining citizenship under 28 U.S.C. § 1332(c)(1), a limited partnership is deemed to be a citizen of every state where its general and limited partners reside. See Hooper v. Wolfe, 396 F.3d 744, 748 (6th Cir. 2005) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)).

6. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Defendant Wal-Mart acknowledges that over one year has passed since this action commenced, which generally prevents removal of an action. However, Defendant had to wait one full year for the service of process issue to become ripe. As such, the Court dismissed Defendant Monique Copeland on the basis that Plaintiffs' claims against her were time barred for failure to obtain service within 90 days of filing the Complaint and failure to seek alias or new process within one year of the same.

8. Defendant Wal-Mart would submit that Plaintiffs sued Monique Copeland in bad faith to prevent removal of this action to federal court and thus, the one-year limitation does not apply. 28 U.S.C. § 1446(c)(1).

9. Plaintiffs have engaged in intentional conduct to deny Defendant Wal-Mart the chance to remove the case to federal court under the standard articulated in several district courts in the Sixth Circuit. *Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014); *see also Comer v. Schmitt*, No. 2:15-cv-2599, 2015 WL 5954589, at *4 (S.D. Ohio Oct. 14, 2015) ("To find bad faith, the Court need only determine that Plaintiffs engaged in intentional action or inaction that prevented [the diverse defendant] from otherwise properly filing for removal before the expiration of the one year period." ); *see generally Williams v. 3M Company*, No. 7:18-CV-63-KKC, 2018 WL 3084710, at *2 (E.D. Ky. June 22, 2018). The defendant must "point specifically to *action or inaction* on the part of the plaintiffs to hold the nondiverse defendants in the suit." *Dutchmaid Logistics, Inc. v. Navistar, Inc.*, No. 2:16-cv-857, 2017 WL 1324610, at *2 (S.D. Ohio April 11, 2017) (emphasis added).

9. Here, Plaintiffs did not respond to Defendants' Motion to Dismiss Monique Copeland. More saliently, however, Plaintiffs consented to her dismissal despite the complete absence of new facts revealed between the filing of the Complaint and consenting to her dismissal that would suggest that Ms. Copeland had nothing to do with the allegations in the Complaint. (See Consent Order Granting Motion to Dismiss attached hereto as **Exhibit B**.)

10. Further, Plaintiffs failed to actively litigated this case against Ms. Copeland under the other prevailing standard adopted in various other district courts. *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1264 (D. N. Mex. 2014) (establishing a two-part, burdenshifting standard in which the court first assesses "whether the plaintiff actively litigated its case against the removal spoiler in state court," and if the court concludes it did not, there was bad faith); *see also Massey v. 21st Century Centennial Ins. Co.*, No. 2:17-cv-01922, 2017 WL 3261419, at *4 (S.D. W. Va. July 31, 2017); *Bristol v. Ford Mtr. Co.*, No. 4:16-cv-01649-JAR, 2016 WL 6277198, at *4 (E.D. Mo. Oct. 27, 2016); *Shorraw v. Bell*, No. 4:15-cv-03998-JMC, 2016 WL 3586675, at *6 (D.S.C. July 5, 2016) (considering active litigation as a factor in analyzing bad faith).

11. No summons was ever issued for Ms. Copeland to Defendant's knowledge, nor did Plaintiffs serve - or even attempt to serve - Ms. Copeland.

12. Plaintiffs conducted no discovery involving or pertaining to any claims against Ms. Copeland.

WHEREFORE, Notice is hereby given that the said civil action number 7078 is removed from the Circuit Court of Lauderdale County, Tennessee, to this Court.

        Respectfully submitted,

        RAINEY, KIZER, REVIERE & BELL, P.L.C.

        By: s/Keely N. Wilson
           KEELY N. WILSON, BPR #021083
           Attorney for Defendant Wal-Mart Stores East, L.P.
           209 East Main Street
           P. O. Box 1147
           Jackson, TN  38302-1147
           731/423-2414
           kwilson@raineykizer.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report, including the parties below. All other parties will be served by facsimile, e-mail, or regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Jennifer H. Collins
    James R. Davis, Jr.
    Reaves Law Firm, PLLC
    1991 Corporate Avenue
    Suite 300
    Memphis, Tennessee  38132

This 10th day of December 2020.

        s/Keely N. Wilson