IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOYCE JONES and JAMES OSCAR JONES, ) ) ) Plaintiffs, ) ) v. ) ) WAL-MART STORES EAST, INC., ) ) Defendant. ) | No. 2:20-cv-02889-TLP-atc JURY DEMAND |

**ORDER GRANTING MOTION TO REMAND TO THE CIRCUIT
COURT OF LAUDERDALE COUNTY, TENNESSEE FOR THE
TWENTY-FIFTH JUDICIAL DISTRICT**

Plaintiff moves to remand this case to state court under 28 U.S.C. § 1447(c) arguing that Defendant did not timely remove.  (ECF No. 7.)  Defendant did not respond to this motion, although it did outline its reasons for removing in its Notice of Removal.  (ECF No. 1.)  For the reasons below, the Court **GRANTS** Plaintiff's Motion to Remand.

**BACKGROUND**

In early 2019, Plaintiffs sued Defendants Wal-Mart Stores East ("Wal-Mart") and Monique Copeland ("Copeland") in Tennessee state court.  (ECF No. 1-1.)  They alleged that Plaintiff Joyce Jones slipped and fell in a Walmart Supercenter in Ripley, Tennessee.  (*Id.* at PageID 9.)  Copeland was the store manager at the time of Plaintiff's alleged incident.  (*Id.* at PageID 8.)  And in August 2020, the parties consented to dismissing Monique Copeland. (ECF No. 1-2 at PageID 14.)  For this motion, it is important to note the parties place of citizenship.  Defendant Walmart is considered a citizen of both Delaware and Arkansas.  (ECF No. 1 at

PageID 2.)  Defendant Copeland and Plaintiffs are all considered citizens of Tennessee.  (*See* ECF No. 1-1 at PageID 7–8.)  So when the parties agreed to dismiss Copeland, the action became removable based on the diversity of citizenship between Plaintiffs and Wal-Mart.  *See* 28 U.S.C. § 1332 (stating that district courts have jurisdiction over cases between citizens of different States where the amount in controversy exceeds $75,000).

And so Defendant removed this action to this Court based on diversity of citizenship in December 2020.  (ECF No. 1.)  But Defendant admits the removal fell outside the thirty-day window for removal.  (*Id.* at PageID 2.)  Even still, Defendant explained its basis for removing in the Notice of Removal.  (*See id.*)  Defendant argues that Plaintiffs sued Copeland in bad faith to keep it from removing this case to federal court within the allowed time frame.  (*Id.* at PageID 2–4.)  Defendant reasons that the Plaintiff sued Copeland only to defeat diversity of citizenship jurisdiction, since Copeland and Plaintiffs share Tennessee citizenship.  (*Id.*)  Defendant argues that Plaintiffs' alleged bad faith should excuse its failure to remove within the allowed window.  (*Id.*)

Plaintiff moves to remand arguing that Defendant untimely removed.  And for the reasons below, the Court agrees.

## **LEGAL STANDARDS**

For starters, under 28 U.S.C. § 1441, defendants may remove any civil action from state court to federal court that the federal court would have original jurisdiction over.  28 U.S.C. § 1441.  This includes removal based on diversity of citizenship jurisdiction.  *Id.*  That said, defendants may not remove a case based on diversity of citizenship more than one year after commencement of the action, unless the court determines that the plaintiff acted in bad faith to prevent removal.  28 U.S.C. § 1446.  And while the Sixth Circuit has not clearly defined the

meaning of "bad faith," federal courts that have addressed the language "agree that the issue is whether the plaintiff engaged in intentional conduct to deny the defendant the chance to remove the case to federal court."  *Dutchmaid Logistics, Inc. v. Navistar, Inc.*, No. 2:16-cv-857, 2017 WL 1324610, at *2 (S.D. Ohio Apr. 11, 2017); *see, e.g.*, *Hiser v. Seay*, No. 5:14-cv-170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014).

But notably, the defendant has only thirty days to file a notice of removal from the time when he has "solid and unambiguous information that the case is removable."  *Forest Creek Townhomes, LLC v. Carrol Prop. Mgmt., LLC*, 695 F. App'x 908, 912 (6th Cir. 2017) (quoting *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015)); 28 U.S.C. § 1446 (stating that defendant has thirty days to remove after "it may first be ascertained that the case . . . has become removable").  And that thirty-day deadline is mandatory and not subject to alteration by courts.  *May v. Johnson Controls, Inc.*, 440 F. Supp. 2d 879, 883–84 (W.D. Tenn. 2006); *Tennessee v. Tenn. Valley Auth.,* 311 F. Supp. 3d 896, 902 (M.D. Tenn. 2018).

To remand, the objecting party has thirty days after the notice is filed to move to remand the case for any flaw in removal other than subject matter jurisdiction.[1]  28 U.S.C. § 1447(c). These standards govern the Court's decision.

## **ANALYSIS**

Defendant argues Plaintiffs sued Copeland in a bad faith effort to keep this case in state court.  (*See* ECF No. 1.)  But Defendant offers scant evidence to support its argument. Defendant claims that Plaintiffs did not actively litigate their case against Copeland.  (*Id.* at PageID 3.)  And Defendant contends that Plaintiffs agreed to dismiss Copeland after the one-

---

[1] Here, Plaintiffs have until January 9, 2021 to move to remand, and they did so on January 8, 2021.  Thus, Plaintiffs satisfy the thirty-day remand deadline.

year period for removing had expired even though nothing in the case had changed factually. (*Id.*) Yet Plaintiffs counter that Copeland's dismissal came after Plaintiffs took her deposition. (ECF No. 7 at PageID 25.) Based on Defendant's allegations, the Court cannot find that Plaintiff acted to intentionally deprive Defendant of the opportunity to remove. Instead, the Court finds it plausible that Plaintiffs would agree to dismiss Copeland after learning more information in a deposition. (*See id.* (stating that Plaintiffs thoroughly deposed Copeland as a Wal-Mart manager and corporate representative).)

But even if the Court were to find that Plaintiffs acted in bad faith, the Court would still remand this case. Defendant did not remove this action in a timely fashion. The parties agreed to dismiss Copeland on August 20, 2020. (ECF No. 1-2.) Thus, Defendant should have removed by September 19, 2020, and should have brought its arguments about bad faith at that time. *See* 28 U.S.C. § 1446 (giving defendants thirty days to remove after case first becomes removable). And yet Defendants waited until December 10, 2020, to remove—over 100 days after the case was potentially removable based on diversity of citizenship. As previously stated, the Court cannot alter the thirty-day deadline for removal. *See May*, 440 F. Supp. 2d at 883–84.

The bottom line is that Defendant did not timely remove this case. For that reason, the Court **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this case to the Circuit Court of Lauderdale County, Tennessee for the Twenty-Fifth Judicial District.

**SO ORDERED**, this 22d day of February, 2021.

                                       s/Thomas L. Parker
                                       THOMAS L. PARKER
                                       UNITED STATES DISTRICT JUDGE